IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KEVIN DIXON                                                                                               PLAINTIFF

    v.                              Civil No. 4:11-cv-04015

SHERIFF RON STOVALL
CAPTAIN HARTLINE; CAPTAIN
HEINTZLEMAN; SGT. GILES;
SGT. BAYLESS; CPL. LAFAYETTE;
JAILER ADAMS; JAILER S. SMITH;
JAILER SHIVERS; and NURSE CRANFORD,
Correctional Healthcare Management, Inc.                                           DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, Kevin Dixon, pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Plaintiff is currently an inmate of the Arkansas Department of Correction (ADC), Cummins Unit, in Grady, Arkansas. The events that are the subject of this lawsuit occurred while Plaintiff was incarcerated in the Miller County Detention Center (MCDC) in Texarkana, Arkansas. Plaintiff alleges his constitutional rights were violated in the following ways: (1) he was placed in punitive confinement without Due Process; (2) his conditions of confinement were unconstitutional; and (3) he was denied adequate medical care.

Separate Defendant Nurse Cranford has filed a motion for summary judgment (ECF No. 25) on the only claim asserted against her, the denial of adequate medical care. The Plaintiff requested the Court's assistance by the preparation of a questionnaire (ECF No. 46). Plaintiff filed a timely

response to the questionnaire (ECF No. 47).

### 1. Background

Plaintiff booked into the MCDC on June 18, 2009, on pending criminal charges. *Plaintiff's Response* (Doc. 47) at ¶ 1 (hereinafter *Resp.*). He remained incarcerated there until September 23, 2010, when he was transferred to the ADC. *Defendant's Exhibit* 1-d (hereinafter *Deft's Ex.*).

Melissa Cranford is a Licensed Vocational Nurse who is employed by Correctional Health Case Management Services (CHM). *Deft's Ex.* 1 at ¶¶ 1-2. CHM provides medical services for inmates housed at the MCDC. *Id.* at ¶ 2.

The first time Nurse Cranford saw Plaintiff was on September 14, 2010, when he told her he had hit his head on the toilet. *Deft's Ex.* 1 at ¶ 3. Nurse Cranford noted that Plaintiff's forearm[1] and right thumb were swollen. *Id.* at ¶ 6. She noted that Plaintiff was awake, alert and oriented to person, place and time (AA0x3). *Id.*

Several hours later, Nurse Cranford gave Plaintiff one Ibuprofen for pain and swelling. *Deft's Ex.* 1 at ¶ 7 (one Ibuprofen given); *Resp.* at ¶ 9(A), ¶ 11 & ¶17 (two Ibuprofen given). According to Plaintiff, she also stated that she couldn't provide him any other treatment for the dizziness he was having because she would need the approval of her supervisor. *Id.* At the time, Plaintiff states her supervisor had not been notified of his accident. *Id.*

Plaintiff states the Ibuprofen was not strong enough to provide him any relief from the pain and dizziness he was experiencing. *Resp.* at ¶ 9(B). He assets that the pain was excruciating and the swelling was getting worse. *Id.*

Plaintiff next requested health services on September 20th. *Deft's Ex.* 1 at ¶ 8. In his

---

[1] Plaintiff states the injury was to his forehead and not his forearm. *Resp.* at pg. 10.

request for medical care, Plaintiff complained of pain in his head but did not mention pain or swelling in his right thumb or wrist. *Id.* at ¶ 9. Plaintiff also states he complained to Nurse Cranford personally. *Resp.* at ¶ 13.

On September 21st, Nurse Cranford obtained a telephone prescription for Plaintiff from Dr. Nash for Tylenol 500 mg., twice a day, for thirty days for pain relief. *Deft's Ex.* 1 at ¶ 10. Plaintiff, however, states he never received the Tylenol and in fact had not even been told Tylenol was going to be prescribed for him. *Resp.* at ¶¶ 14-16. He indicates Nurse Cranford wanted to treat him properly but could not get her supervisor's approval. *Id.* at ¶ 15.

During the time period in question, Nurse Cranford only worked at the MCDC on September 14th and September 21st. *Deft's Ex.* 1 at ¶ 11. Plaintiff did not see Nurse Cranford on any other days. *Resp.* at ¶ 21.

Plaintiff was asked how Nurse Cranford exhibited deliberate indifference to his serious medical needs. He responded that: (a) "she showed clear disdain for persons confined in the jail facility. By having failed to give proper medical treatment or having not called in a licensed doctor. Nurse Cranford denied the plaintiff's rights to be free from cruel and unusual punishment;" (b) Nurse Cranford was notified about the plaintiff['s] serious medical needs personally;" and (c) "see exhibit 3 by plaintiff complaint." *Resp.* at ¶ 19. Exhibit 3 to the complaint is a statement allegedly written by Kenneth Waller. Waller indicates he saw Plaintiff in the cell in handcuffs, belly chains, and leg restraints and saw Plaintiff being placed in Max Alpha cell 6 with wet clothes when it was flooded.

Since he was transferred to the ADC, Plaintiff indicates he has submitted requests for medical treatment. *Resp.* at ¶ 20. He states that he still has headaches that come and go with "intolerable dizziness." *Id.*

### 2.  Applicable Standard

"Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  We view all evidence and inferences in a light most favorable to the nonmoving party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  However, the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial.  *See Celotex v. Catrett*, 477 U.S. 317, 324 (1986).

### 3.  Arguments of the Parties

First, Nurse Cranford denies that she engaged in any type of conduct that resulted in Plaintiff's constitutional rights being violated.  With respect to any official capacity claim, Nurse Cranford argues no showing can be made that a policy or custom of Miller County was the moving force behind any alleged constitutional violations.

In opposition, Plaintiff maintains Nurse Cranford filed to provide him with adequate medical treatment.  Additionally, he maintains his rights were violated when she did not make him an appointment to be seen by a doctor.

### 4.  Discussion

 "The Eighth Amendment prohibits the infliction of cruel and unusual punishment. The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). "Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *McRaven v. Sanders,* 577 F.3d

974, 979 (8th Cir. 2009)(citation omitted); *see also Holden v. Hirner*, 663 F.3d 336 (8th Cir. 2011)(Eighth Amendment's deliberate indifference standard is applied to a denial of medical care claim brought by a pretrial detainee).

"To prevail on an Eighth Amendment claim for deprivation of medical care, an inmate must show that the prison official was deliberately indifferent to the inmate's serious medical needs." *Schaub*, 638 F.3d at 914. "The inmate must clear a substantial evidentiary threshold to show the prison's medical staff deliberately disregarded the inmate's needs by administering inadequate treatment." *Nelson v. Shuffman*, 603 F.3d 439, 448-49 (8th Cir. 2010). "[A] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Taylor v. Bowers*, 996 F.2d 417, 421 (8th Cir. 1992).

In this case, Plaintiff maintains he did not receive proper treatment following his fall. He submitted two medical requests and was seen twice by Nurse Cranford. Each time she examined him and noted his symptoms. On the first visit, September 14th, Plaintiff was given Ibuprofen. In Nurse Cranford's professional judgment, the administration of the Ibuprofen was adequate to meet Plaintiff's medical needs. *Deft's Ex.* 1 at ¶ 7. On the second visit, when Plaintiff complained of pain in his head, Nurse Cranford obtained a telephone prescription for Tylenol for thirty days. *Id.* at ¶¶ 9-10. In her professional opinion, the Tylenol adequately met Plaintiff's medical needs at the time. *Id.* at ¶ 10.

While Plaintiff denies he received the Tylenol, he has submitted no medical requests or grievances indicating he brought this to the attention of jail personnel in general or Nurse Cranford. Furthermore, "[a] prisoner alleging a delay in treatment must present verifying medical evidence

that the prison officials ignored an acute or escalating situation or that [these] delays adversely affected his prognosis." *Holden*, 663 F.3d at 342 (internal quotation marks and citation omitted). Plaintiff has presented no such evidence.

### 5.  Conclusion

For the reasons stated, I recommend that Nurse Cranford's motion for summary judgment (ECF No. 25) be granted and all claims against Nurse Cranford be dismissed.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 30th day of January 2012.

/s/ Barry A. Bryant  
HON. BARRY A. BRYANT  
UNITED STATES MAGISTRATE JUDGE