IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KEVIN DIXON                                                                            PLAINTIFF

V.                          CIVIL NO. 4:11-CV-04015

RON STOVALL; CPT. HARTLINE;
CPT. HEINTZLMAN; CORP. LAFAYETTE;
and JAILER ADAMS                                            DEFENDANTS

**O R D E R**

Plaintiff Kevin Dixon proceeds in this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated in the Arkansas Department of Corrections, Cummins Unit in Grady, Arkansas ("ADC"). This matter is set for jury trial the week of May 19, 2014. Currently before the Court are: Plaintiff's witness list (ECF No. 92) and Defendants' Objections (ECF No. 93). Because Plaintiff proceeds in this matter *pro se* and *in forma pauperis,* the Court will issue subpoenas and writs for those of Plaintiff's trial witnesses the Court deems appropriate.

In Plaintiff's April 25, 2014 filing, Plaintiff names Sheridan Garner, Cody Morrison, Kenneth Waller, and James Ray Thompson Jr. (all his former cell mates), and Nurse Cranford as witnesses he would like to call at his jury trial the week of May 19, 2014. Plaintiff informed the Court that Garner, Morrison, Waller, and Thompson are all eye witnesses of the events at issue, and each will testify as to what they witnessed. Specifically, (1) Garner is expected to testify as to what he witnessed when Plaintiff was shackled and removed from his original pod; (2) Morrison is expected to testify as to what he witnessed as Plaintiff's cell mate in the Supermax once Plaintiff was locked down; (3) Waller is expected to testify as to what he witnessed regarding the entire incident at issue (allegedly witnessed the "whole thing"); and (4) Thompson is expected to testify as to what he witnessed regarding the

entire incident at issue (allegedly witnessed the "whole thing").  Additionally, Nurse Cranford is expected to testify that she witnessed Plaintiff shackled when she examined him during the time at issue.[1]

Defendants filed objections to Garner, Thompson, and Morrison.  Defendants argue that Plaintiff failed to disclose Garner and Thompson during discovery as required by the Federal Rules of Civil Procedure, and according to Defendants, Morrison was not incarcerated at the Miller County Detention Center at the time in issue here.

Federal Rule of Civil Procedure 37(c) reads in pertinent part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1).  While, Mr. Dixon, as a *pro se* prisoner plaintiff, is exempt from initial disclosures under Rule 26(a), he is not exempt from Rule 26(e) which reads in pertinent part: "A party . . . who has responded to an interrogatory . . . must supplement or correct its disclosure or response . . . if the party learns that in some material respect the . . . response is incomplete or incorrect . . . . Fed. R. Civ. P. 26(e)(1)(A).  Therefore, the issue becomes whether Plaintiff's failure to supplement his interrogatories and disclose Garner and Thompson as potential witnesses is substantially justified or harmless.

Defendants specifically requested Plaintiff provide a list of witnesses he planned to call at any

---

[1] Plaintiff failed to include the expected testimony of his witnesses in his witness list as directed by the Court.  Given the quickly approaching trial date, the Court was unable to obtain this information from Plaintiff in writing through the United States Postal Service.  This information is necessary for the Court's determination of whether to issue subpoenas and writs for all requested witnesses.  Accordingly, the Court spoke with Plaintiff on the telephone for the sole purpose of obtaining brief descriptions of the expected testimony for each witness.  The Court has included the descriptions given by Plaintiff herein.

trial in this matter. In response to this interrogatory, Plaintiff failed to list Garner or Thompson. Plaintiff also failed to submit his witness list by April 4, 2014 in compliance with the Court's Final Scheduling Order. (ECF No. 87). Plaintiff submitted his witness list, listing, Garner and Thompson, approximately three weeks prior to the trial date. Defendants argue that they are prejudiced by Plaintiff's failure to disclose Garner and Thompson earlier in the litigation because now Defendants do not have sufficient time to depose these witnesses or conduct any discovery regarding these witnesses. The Court agrees and finds that Plaintiff's failure was not harmless.

Additionally, there is no indication on the record that Plaintiff's failure was substantially justified. While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Plaintiff has not responded to Defendants' objections or provided any explanation for his failure to disclose Garner or Thompson earlier in this litigation.

Accordingly, the Court finds Plaintiff is precluded from calling Garner or Thompson as witnesses at the upcoming jury trial and the Court will not issue writs for either Garner or Thompson.

Defendants also object to Plaintiff's proposed witness Morrison. Plaintiff informed the Court, in his summary of expected testimony, that Morrison was an eye witness as Plaintiff's cell mate in the Supermax (where Plaintiff was locked down), and Morrison witnessed Plaintiff shackled in the cell. Defendants object to Morrison testifying based on their assertion that Morrison was not incarcerated in the Miller County Detention Center ("MCDC") during the time at issue here. Defendants attached Morrison's book in sheet which shows he was booked into the MCDC on September 17, 2010. ECF No. 93-3. According to Plaintiff's claims, he was released from restraints and relocated to another cell by Officer Shivers on September 15, 2010.

The Court will not, on Defendants' Objections, make a determination of fact regarding whether Morrison was in fact Plaintiff's cell mate while Plaintiff was shackled, and therefore, whether Morrison

has any relevant testimony to offer at the trial.

However, the Court will not issue a writ for Morrison. According to Plaintiff's descriptions of the expected testimony, Waller witnessed the entire incident and will testify to such. Further, Plaintiff indicated Waller would provide the best eye witness testimony to the incidents at issue.[2] For this reason, the Court finds Morrison's testimony would be redundant of Waller's; and therefore, Morrison's testimony is unnecessary.

Finally, Plaintiff requested the Court subpoena Nurse Cranford because she witnessed Plaintiff restrained while she examined him. The address Plaintiff provided the Court for Nurse Cranford is that of her former attorney's office, Dunn, Nutter, and Morgan. The Court has been informed by this office that it no longer represents Nurse Cranford, has no knowledge of her current address, and cannot accept a subpoena on her behalf. Therefore, the Court will not subpoena Nurse Cranford.

For the reasons stated, the Court will not issue writs for Garner, Thompson, or Morrison to be brought to the trial in this matter by the ADC, and it will not issue a subpoena for Nurse Cranford. The Court will issue a writ for Kenneth Waller and for Plaintiff to be brought to the trial in this matter by the ADC by separate order.

**IT IS SO ORDERED** this 5th day of May 2014.

//s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge

---

[2] Plaintiff also indicated Thompson would provide the best eye witness testimony to the incidents at issue, but for the reasons explained above regarding Plaintiff's failure to disclose Thompson as a person with knowledge of the incident, Thompson is precluded from testifying.